UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: ADVANCED PRACTICAL SOLUTIONS, LLC   § Case No. 10-57829
§
§
Debtor(s)   §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on December 31, 2010. The undersigned trustee was appointed on March 17, 2011.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of        $        34,252.10

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 17,500.00 |
| Administrative expenses | 247.50 |
| Bank service fees | 335.24 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 16,169.36 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 08/05/2011 and the deadline for filing governmental claims was 06/29/2011. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $4,175.21. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $4,175.21, for a total compensation of $4,175.21.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/29/2012            By:/s/NORMAN NEWMAN
                               Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

Case Number: 10-57829
Case Name: ADVANCED PRACTICAL SOLUTIONS, LLC
Period Ending: 06/29/12

Trustee: (330560) NORMAN NEWMAN
Filed (f) or Converted (c): 12/31/10 (f)
§341(a) Meeting Date: 03/17/11
Claims Bar Date: 08/05/11

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | APS Business Checking Account at Chase Bank<br>Orig. Asset Memo: Imported from original petition<br>Doc# 12; Imported from Amended Doc#: 28 | 277.60 | 277.60 | | 277.60 | FA |
| 2 | APS Business Checking Account at Chase Bank<br>Orig. Asset Memo: Imported from original petition<br>Doc# 12; Imported from Amended Doc#: 28 | 1,292.55 | 1,292.55 | | 3,116.40 | FA |
| 3 | APS Business Savings Account at Chase Bank<br>Orig. Asset Memo: Imported from original petition<br>Doc# 12; Imported from Amended Doc#: 28 | 0.26 | 0.26 | | 0.26 | FA |
| 4 | APS Business Checking Account at National Republ<br>Orig. Asset Memo: Imported from original petition<br>Doc# 12; Imported from Amended Doc#: 28 | 893.88 | 893.88 | | 856.81 | FA |
| 5 | Accounts receivable City of Johnsburg ($68,000);<br>Orig. Asset Memo: Imported from original petition<br>Doc# 12; Imported from Amended Doc#: 28 | 94,600.32 | 94,600.32 | | 17,500.00 | FA |
| 6 | Office Equipment<br>Orig. Asset Memo: Imported from original petition<br>Doc# 12; Imported from Amended Doc#: 28 | 500.00 | 500.00 | DA | 0.00 | FA |
| 7 | 2006 Cadillac Escalade | Unknown | 0.00 | | 12,500.00 | 0.00 |
| 8 | 2007 Lincoln Navigator | Unknown | 0.00 | DA | 0.00 | FA |
| 9 | VOID<br>Orig. Asset Memo: Imported from Amended Doc#: 28 | 0.00 | 0.00 | | 0.00 | 0.00 |
| 10 | VOID<br>Orig. Asset Memo: Imported from Amended Doc#: 28 | 0.00 | 0.00 | | 0.00 | 0.00 |
| Int | INTEREST (u) | Unknown | N/A | | 1.03 | Unknown |
| 11 | Assets Totals (Excluding unknown values) | $97,564.61 | $97,564.61 | | $34,252.10 | $0.00 |

**Major Activities Affecting Case Closing:**

Sold vehicle. Hired accountant to prepare tax returns.

Printed: 06/29/2012 03:36 PM  V.13.02

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

**Case Number:** 10-57829
**Case Name:** ADVANCED PRACTICAL SOLUTIONS, LLC

**Period Ending:** 06/29/12

**Trustee:** (330560) NORMAN NEWMAN
**Filed (f) or Converted (c):** 12/31/10 (f)
**§341(a) Meeting Date:** 03/17/11
**Claims Bar Date:** 08/05/11

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

**Initial Projected Date Of Final Report (TFR):** July 31, 2012     **Current Projected Date Of Final Report (TFR):** July 31, 2012

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 10-57829 | | Trustee: | NORMAN NEWMAN (330560) |
|---|---|---|---|---|
| Case Name: | ADVANCED PRACTICAL SOLUTIONS, LLC | | Bank Name: | The Bank of New York Mellon |
| | | | Account: | 9200-******57-65 - Checking Account |
| Taxpayer ID #: | **-***3711 | | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 06/29/12 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 04/07/11 | {5} | Mactec | Account Receivable | 1121-000 | 3,500.00 | | 3,500.00 |
| 04/07/11 | {5} | DCI Group AZ, LLC | Account Receivable | 1121-000 | 4,000.00 | | 7,500.00 |
| 04/07/11 | {5} | Intralot, Inc. | Account Receivable | 1121-000 | 10,000.00 | | 17,500.00 |
| 04/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.11 | | 17,500.11 |
| 05/02/11 | {4} | The National Republic Bank of Chicago | Turnover of Bank Account | 1129-000 | 856.81 | | 18,356.92 |
| 05/02/11 | | Chase | Turnover of Bank Account | | 3,394.26 | | 21,751.18 |
| | {1} | | | 277.60 | 1129-000 | | 21,751.18 |
| | {3} | | | 0.26 | 1129-000 | | 21,751.18 |
| | {2} | | | 3,116.40 | 1129-000 | | 21,751.18 |
| 05/02/11 | 1001 | United Central Bank | ACCOUNT RECEIVABLE | 4220-000 | | 17,500.00 | 4,251.18 |
| 05/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.06 | | 4,251.24 |
| 06/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.03 | | 4,251.27 |
| 07/29/11 | {7} | Strategic Partnership Alliance, Ltd. | 2006 Cadillac Escalade | 1129-000 | 12,500.00 | | 16,751.27 |
| 07/29/11 | int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.03 | | 16,751.30 |
| 07/29/11 | {7} | Deposit Reversal | | 1129-000 | -12,500.00 | | 4,251.30 |
| 08/04/11 | | Ledger Adjustment Reversal #5 | | 1129-000 | 12,500.00 | | 16,751.30 |
| 08/04/11 | | Strategic Partnership Alliance | 2006 Cadillac Escalde | 1129-000 | -12,500.00 | | 4,251.30 |
| 08/09/11 | {7} | Fifth Third Bank | 2006 Cadillac Escalade | 1129-000 | 12,500.00 | | 16,751.30 |
| 08/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.12 | | 16,751.42 |
| 08/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 30.45 | 16,720.97 |
| 09/08/11 | | The Bank of New York Mellon | Bank and Technology Services Fee Adjustment | 2600-000 | | -5.45 | 16,726.42 |
| 09/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.13 | | 16,726.55 |
| 09/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 34.37 | 16,692.18 |
| 10/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.14 | | 16,692.32 |
| 10/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 33.16 | 16,659.16 |
| 11/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.13 | | 16,659.29 |
| 11/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 36.51 | 16,622.78 |
| 12/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.14 | | 16,622.92 |
| 12/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 34.15 | 16,588.77 |
| 01/31/12 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.14 | | 16,588.91 |
| 01/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 36.26 | 16,552.65 |
| 02/07/12 | 1002 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/07/2012 FOR CASE #10-57829, Bond#016026455 | 2300-000 | | 13.50 | 16,539.15 |
| 02/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 32.77 | 16,506.38 |

Subtotals :  $34,252.10  $17,745.72

{} Asset reference(s)

Printed: 06/29/2012 03:36 PM    V.13.02

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 2

**Case Number:** 10-57829
**Case Name:** ADVANCED PRACTICAL SOLUTIONS, LLC

**Taxpayer ID #:** **-***3711
**Period Ending:** 06/29/12

**Trustee:** NORMAN NEWMAN (330560)
**Bank Name:** The Bank of New York Mellon
**Account:** 9200-******57-65 - Checking Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 03/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 33.82 | 16,472.56 |
| 04/27/12 | 1003 | Margaret M. Hunn | Accounting Services Rendered 8/25/11 through 2/29/12 | 3410-000 | | 234.00 | 16,238.56 |
| 04/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 32.62 | 16,205.94 |
| 05/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 36.58 | 16,169.36 |

|  |  |  |  |
|---|---|---|---|
| ACCOUNT TOTALS | | 34,252.10 | 18,082.74 | $16,169.36 |
| Less: Bank Transfers | | 0.00 | 0.00 | |
| Subtotal | | 34,252.10 | 18,082.74 | |
| Less: Payments to Debtors | | | 0.00 | |
| NET Receipts / Disbursements | | $34,252.10 | $18,082.74 | |

Net Receipts : 34,252.10
Net Estate : $34,252.10

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # 9200-******57-65 | 34,252.10 | 18,082.74 | 16,169.36 |
| | $34,252.10 | $18,082.74 | $16,169.36 |

{} Asset reference(s)

Printed: 06/29/2012 03:36 PM    V.13.02

Printed: 06/29/12 03:36 PM                                                                                                              Page: 1

# Claims Proposed Distribution

## Case: 10-57829   ADVANCED PRACTICAL SOLUTIONS, LLC

Report Includes ONLY Claims with a Proposed Distribution

| Case Balance: | $16,169.36 | Total Proposed Payment: | $16,169.36 | | Remaining Balance: | | $0.00 |

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| A | Norman B. Newman, Trustee | Admin Ch. 7 | 4,175.21 | 4,175.21 | 0.00 | 4,175.21 | 4,175.21 | 11,994.15 |
| | <2100-00 Trustee Compensation> | | | | | | | |
| MS-E | Much Shelist, et.al. | Admin Ch. 7 | 105.70 | 105.70 | 0.00 | 105.70 | 105.70 | 11,888.45 |
| | <3120-00 Attorney for Trustee Expenses (Trustee Firm)> | | | | | | | |
| MS-F | Much Shelist, et.al. | Admin Ch. 7 | 11,165.00 | 11,165.00 | 0.00 | 11,165.00 | 11,165.00 | 723.45 |
| | <3110-00 Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
| **SUBTOTAL FOR ADMIN CH. 7** | | | **15,445.91** | **15,445.91** | **0.00** | **15,445.91** | **15,445.91** | |
| 6 | Venn Strategies | Unsecured | 7,500.00 | 7,500.00 | 0.00 | 7,500.00 | 10.45 | 713.00 |
| 7 | BankFinancial, F.S.B., as successor | Unsecured | 179,034.63 | 179,034.63 | 0.00 | 179,034.63 | 249.39 | 463.61 |
| | Claim Memo: The funds in this estate came from the sale of a motor vehicle which was not subject to any liens. | | | | | | | |
| 8U | Covington & Burling LLP | Unsecured | 10,470.40 | 10,470.40 | 0.00 | 10,470.40 | 14.59 | 449.02 |
| | Claim Memo: Pursuant to Stipulation and Agreed Order entered 6/5/2012. | | | | | | | |
| 9 | James Fiore | Unsecured | 156,570.90 | 156,570.90 | 0.00 | 156,570.90 | 218.10 | 230.92 |
| 10 | United Central Bank | Unsecured | 165,772.41 | 165,772.41 | 0.00 | 165,772.41 | 230.92 | 0.00 |
| **SUBTOTAL FOR UNSECURED** | | | **519,348.34** | **519,348.34** | **0.00** | **519,348.34** | **723.45** | |
| | **Total for Case 10-57829 :** | | **$534,794.25** | **$534,794.25** | **$0.00** | **$534,794.25** | **$16,169.36** | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| Total Administrative Claims : | $15,445.91 | $15,445.91 | $0.00 | $15,445.91 | 100.000000% |
| Total Unsecured Claims : | $519,348.34 | $519,348.34 | $0.00 | $723.45 | 0.139300% |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-57829
Case Name: ADVANCED PRACTICAL SOLUTIONS, LLC
Trustee Name: NORMAN NEWMAN

**Balance on hand:** $ 16,169.36

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 5 | Ford Motor Credit Company LLC | 11,842.08 | 0.00 | 0.00 | 0.00 |
| 8S | Covington & Burling LLP | 10,000.00 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 16,169.36

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Norman B. Newman, Trustee | 4,175.21 | 0.00 | 4,175.21 |
| Attorney for Trustee, Fees - Much Shelist, et.al. | 11,165.00 | 0.00 | 11,165.00 |
| Attorney for Trustee, Expenses - Much Shelist, et.al. | 105.70 | 0.00 | 105.70 |

Total to be paid for chapter 7 administration expenses: $ 15,445.91
Remaining balance: $ 723.45

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 723.45

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  | Total to be paid for priority claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 723.45 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 519,348.34 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.1 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 6 | Venn Strategies | 7,500.00 | 0.00 | 10.45 |
| 7 | BankFinancial, F.S.B., as successor | 179,034.63 | 0.00 | 249.39 |
| 8U | Covington & Burling LLP | 10,470.40 | 0.00 | 14.59 |
| 9 | James Fiore | 156,570.90 | 0.00 | 218.10 |
| 10 | United Central Bank | 165,772.41 | 0.00 | 230.92 |

|  | Total to be paid for timely general unsecured claims: | $ | 723.45 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  | Total to be paid for tardy general unsecured claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00

Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | Case No.: 10-57829 |
| ADVANCED PRACTICAL SOLUTIONS, LLC, ) | Hon. Carol A. Doyle |
| ) | |
| Debtor. ) | |

### STIPULATION AND AGREED ORDER RESOLVING
### CLAIM #8 FILED BY COVINGTON & BURLING LLP

Norman B. Newman, not individually but solely as the Chapter 7 Trustee (the "Trustee") for the estate of Advanced Practical Solutions, LLC ("APS") and Covington & Burling LLP ("Covington") hereby agree and stipulate as follows:

1.   On or about January 28, 2008, APS and Covington entered into that certain agreement for legal services (the "Engagement Letter") pursuant to which Covington agreed to represent APS in certain matters.

2.   The Engagement Letter required APS to pay Covington a $10,000.00 retainer which was to be prepayment for services to be rendered and expenses to be incurred by Covington during the course of its representation of APS (the "Retainer").

3.   APS paid the Retainer to Covington on or about February 10, 2009.

4.   On December 31, 2010, APS filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Trustee was subsequently appointed, qualified, and continues to serve as Trustee.

5.   On May 14, 2011, the Trustee filed an Initial Report of Assets [Docket No. 47].

6.   Subsequently, August 5, 2011 was set as the claims bar date in this case [Docket No. 50].

7.   On or about June 17, 2011, Covington filed its proof of claim in this matter. The filed claim appears on the official register of claims as claim number 8 (the "Claim").

8.   The Claim asserted a claim against the APS estate in the amount of $20,470.40 of which $10,000.00 was alleged to be secured by the Retainer and $10,470.40 of which was asserted as an unsecured claim.

9.   The Trustee and Covington have engaged in discussions regarding the nature of the Retainer, the amount of the Claim, and the settlement of the Claim.

The Trustee and Covington hereby agree and stipulate and it is Ordered that:

A.  The Claim is allowed as follows: (i) Covington shall have a secured claim in the amount of $10,000 and (b) Covington shall have a general unsecured claim in the amount of $10,470.40.

B.  The automatic stay is modified to the extent necessary to allow Covington to apply the Retainer in satisfaction of its secured claim.

C.  Covington's unsecured claim shall be paid as and when all other unsecured claims are paid and shall be paid *pro rata* with such claims.

D.  This Order shall be effective immediately upon its entry.

Agreed and Stipulated by:

Norman B. Newman, not individually
but solely as the Chapter 7 Trustee for
the estate of Advanced Practical Solutions, LLC

By: _____
One of His Attorneys

Covington & Burling LLP

By: _____
One of Its Partners

ENTER:
_____
United States Bankruptcy Judge

6/5/12